**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Deven J. Poitra, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | Case No. 4:12-cv-0154 |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

_____

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:10-cr-007 |
| Deven J. Poitra, ) | |
| ) | |
| Defendant. ) | |

_____

On November 13, 2012, the defendant, Devon Poitra, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Docket No. 72. Poitra sent the petition by mail and the envelope is post-marked November 6, 2012. See Docket No. 72-5.

A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. Congress did not explicitly state when a judgment of conviction became final for the purposes of Section 2255. However, where a defendant appeals the conviction, the United States Supreme Court has clarified that a conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003).

The record shows that a jury convicted Poitra on July 28, 2010. See Docket No. 45. On October 25, 2010, the Court sentenced Poitra. See Docket No. 49. Poitra filed a notice of appeal on November 3, 2010. See Docket No. 51. On August 10, 2011, the Eighth Circuit Court of Appeals affirmed the judgment. See Docket No. 68. Poitra had 90-days from August 10, 2011, to file a petition for certiorari, or until November 8, 2011. See U.S.Sup.Ct.R. 13(1) (2010) (party may file a petition for certiorari within 90-days after court of appeals enters judgment). Therefore, Poitra needed to have filed a Section 2255 motion on or before November 8, 2012.

The record reveals that Poitra's pro se Section 2255 motion was post-marked on November 6, 2012. See Docket No. 72-5. As the "prison mailbox rule" applies, the motion is deemed to be filed on November 6, 2012. See Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999) (holding the prison mailbox rule applies to pro se motions filed by inmate pursuant to 28 U.S.C. § 2255, and are deemed to be filed when the inmate deposits the motion in the prison mail system); see also R. Governing § 2255 Proceedings For the U. S. Dist. Ct. 3(d). Therefore, Poitra's motion is timely. The Court has conducted an initial review of the motion and, without passing on its merit, **ORDERS** the Government to file a response to the motion within sixty (60) days from the date of this Order. The Defendant may then file a reply brief within thirty (30) days after the Government files its response.

**IT IS SO ORDERED.**

Dated this 13th day of December, 2012.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court